Filed 9/29/21  P. v. Phillips CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ALONZO DEWITT PHILLIPS,<br><br>  Defendant and Appellant. | A160393<br><br>(Lake County Super. Ct.<br>No. CR952433) |

## I. BACKGROUND

Alonzo Dewitt Phillips is 53 years old and has been convicted of multiple felonies in the course of a long criminal history.  He is also a partially blind amputee with a heart condition.  Phillips was 18 years old when he was convicted of committing his first strike in 1986, as defined in the "Three Strikes" law, Penal Code section 667, subdivisions (b) through (i) and section 1170.12.[1]  He received a two-year prison term.  Shortly after his release, Phillips was again convicted, this time for oral copulation with a child under age 14 (see former § 288a, subd. (c)) and for rape by force (§ 261, subd. (a)(2)).  Phillips was subsequently sentenced to 19 years in prison.

---

[1] Undesignated statutory references are to the Penal Code.

Turning to the current offense, in 2018 officers from the Clearlake Police Department and Lake County Sheriff's Office evicted Phillips from the recreational vehicle (RV) on the property where he was living. A records check revealed that Phillips was required to register as a sex offender and was on active probation in Napa County. At the time, Phillips was registered as a transient. The property owner told the officers that Phillips had been living on the property for at least five months. The officers detained Phillips and subsequently searched the RV. Approaching the vehicle, an officer observed several canines which appeared to be starving. There were also other dogs running around the property which were underweight, dirty, and unvaccinated. The search of the RV also revealed two methamphetamine smoking pipes and a plastic bag containing 3.7 grams of methamphetamine.

A year later the Lake County District Attorney filed an information charging Phillips with unlawfully depriving a female pit bull of necessary sustenance, drink, and shelter (§ 597, subd. (b)), unlawfully possessing a controlled substance as a felon previously convicted of a sexually violent offense (Health & Saf. Code, § 11377, subd. (a)), failing to register as a transient sex offender who subsequently moves to a residence (§ 290.011, subd. (b)), and unlawfully and knowingly possessing tear gas and a tear gas weapon (§ 22900). The district attorney further alleged that Phillips had suffered three prior strike convictions under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12), one of which was a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

After a negotiated disposition, the trial court granted the prosecution's motion to amend the information to charge the animal cruelty count as a misdemeanor and dismiss the charges for possession of a controlled substance

2

and tear gas, as well as the enhancement allegations for two of Phillips's prior strike offenses.  Phillips pleaded no contest to misdemeanor animal cruelty and the felony charge of failing to register as a sex offender, admitted one strike prior, and reserved the right to bring a *Romero* motion to strike that prior strike.  (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).)

The probation department recommended that the court impose the upper term of three years in prison for Phillips's conviction for failing to register as a sex offender, doubled to six years due to his prior strike.  The probation report listed several factors in aggravation:  Phillips's crime involved acts disclosing a high degree of cruelty (Cal. Rules of Court, rule 4.421(a)(1)), the manner in which he carried out the crime indicated planning (*id.*, rule 4.421(a)(8)), he had engaged in violent conduct which indicated a serious danger to society (*id.*, rule 4.421(b)(1)), he had numerous prior convictions as an adult (*id.*, rule 4.421(b)(2)), he had served three prior prison terms (*id.*, rule 4.421(b)(3)), he was on felony probation when the crime was committed (*id.*, rule 4.421(b)(4)), and his prior performance on felony probation and parole was unsatisfactory (*id.*, rule 4.421(b)(5)).  The probation report listed no circumstances in mitigation under rule 4.423 of the California Rules of Court.

The probation report also explained that Phillips was "partially blind, ha[d] a heart condition and lost a leg due to poor medical care."  At sentencing, Phillips requested the trial court exercise its discretion to dismiss his prior strike.  The court denied the motion, explaining its reasoning in some depth:

"Regarding the *Romero* motion, the defendant does have a serious criminal history.  He has a conviction for Penal Code section 211 from 1987.

3

A conviction for Penal Code section 288[a](c) from 1990. As well as a conviction for Penal Code section 261(a)(2) from 1990.

"And for those last two offenses he admitted a special allegation that he used, I believe, a baseball bat in the commission of those offenses. And I think that can be found in the paperwork that was submitted with the *Romero* motion.

"Those priors are 30 years old. However, he was in prison for a large portion of the two decades after those convictions. . . .

"After be[ing] released from prison [for] the 1990 conviction, he committed a felony violation of Penal Code section 666 shortly thereafter in 2003 and was sent to prison for that offense in 2004. He suffered six violations of parole for that offense. The last one occurring in early 2010.

". . . It appears, given the record as outlined in the probation [report], that the longest period of time he has been free from custody supervision or criminal conduct since he was an adult, is about a year and a half.

". . . [H]e was on probation for failing to register when this crime was committed. And he has two prior convictions for failing to register.

"When considering the defendant's background, character and prospects, and the nature of the prior and current convictions, I can't find the defendant to be deemed outside the spirit of the Three Strikes law. In fact, I find the opposite. *He is the type of offender that the Three Strikes law was written for.* For these reasons the motion to strike the prior strike is denied.

[¶] . . . [¶]

"Regarding the circumstances in aggravation, I find the following: The defendant has engaged in violent conduct which indicates a serious danger to society. The defendant's prior convictions as an adult are numerous. The defendant has served three prior prison terms. The defendant was on felony

4

probation when the crime was committed. And defendant's prior performance on felony probation and parole was unsatisfactory.

"As far as circumstances in mitigation . . . he did take responsibility for his conduct at an early stage of the criminal process. But that is somewhat mitigated by the fact that he received an offer . . . where he has avoided a life sentence in this case.

"So I do find the circumstances in aggravation outweigh those in mitigation both in number and in weight. And for that reason I'll impose the upper term in this case." (Italics added.) The court doubled the upper term pursuant to the Three Strikes law and imposed a total term of six years.

## II. DISCUSSION

This appeal presents only one issue: whether the trial court abused its discretion in denying Phillips's *Romero* motion. We conclude it did not.

The legal backdrop here is established by the Three Strikes initiative and the parallel legislative enactment. In 1994, voters in California and the Legislature opted to " 'restrict courts' discretion in sentencing repeat offenders.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*), quoting *Romero*, *supra*, 13 Cal.4th at p. 528.) The punishment prescribed by the Three Strikes sentencing scheme is to be "applied in every case where the defendant has at least one qualifying strike." (*People v. Strong* (2001) 87 Cal.App.4th 328, 337–338.) But there is an exception for circumstances in which the court concludes the defendant falls outside the Three Strikes scheme " 'for articulable reasons which can withstand scrutiny for abuse.' " (*Strong*, at pp. 337–338.) Under section 1385, subdivision (a), "[t]he judge or magistrate may . . . of his or her own motion . . . , and in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) Our Supreme Court has held that, under this statute, " 'a trial court may strike or vacate

5

an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . [section 1385, subdivision (a)].' " (*Carmony*, *supra*, 33 Cal.4th at p. 373.)

"[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to [section 1385, subdivision (a)], or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review trial court rulings on *Romero* motions under section 1385 for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) Under this deferential standard, the burden is on Phillips " ' "to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Id.* at pp. 376–377, quoting *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978.) "It is not enough to show that reasonable people might disagree about whether to strike one or more" prior conviction allegations. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) The circumstances must be "extraordinary" for a career criminal to be "deemed to fall outside the spirit of

the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack." (*People v. Strong, supra*, 87 Cal.App.4th at p. 338.) But "the circumstances . . . *must be even more extraordinary*" (*Carmony, supra*, 33 Cal.4th at p. 378, italics added) for such a criminal to show "no reasonable people could disagree that [he] falls outside the spirit of the three strikes scheme . . ." (*ibid.*).

We now turn to the application of the foregoing legal standards. On this record, we conclude the trial court was within its discretion to deny Phillips's *Romero* motion.

The motion at issue here, from what we can discern, was resolved in a thoughtful and considered manner. Phillips disagrees with the court's refusal to grant the motion, but for the most part he simply takes issue with the court's weighing of certain factors bearing upon the court's ultimate conclusion. He emphasizes the remoteness of his previous strikes, but the trial court took that into account, noting that while his prior strikes were "30 years old," Phillips was in prison for a large portion of the two decades after those convictions. Additionally, the trial court observed that Phillips had not gone longer than a year and a half without committing a crime, being in custody, or being under supervision. He suffered six parole violations in the span of five years with the last occurring in 2010. And the instant felony was his third conviction for failing to register; he was convicted of violating section 290 in 2012 and 2016, and at the time of sentencing, had a pending case for failing to register from 2018. These were proper factors supporting the court's exercise of its discretion to deny Phillips's motion. (See *In re Large* (2007) 41 Cal.4th 538, 552; *People v. Uecker* (2009) 172 Cal.App.4th 583, 599 [finding no abuse of discretion in refusing to dismiss strikes where

the trial court relied on the defendant's criminal history, which included convictions for forcible rape and forcible lewd acts on a child].)

Baseless, too, is Phillips's contention that the trial court abused its discretion in failing to articulate the reasons for rejecting all of the mitigating factors he relied upon. The court probably enunciated its reasoning in more detail than was necessary. (See *In re Large*, *supra*, 41 Cal.4th at p. 550 ["While a court must explain its reasons for striking a prior [citations], no similar requirement applies when a court declines to strike a prior"].) Phillips points out that the court failed to acknowledge or expressly indicate it had considered his poor physical health at the time of sentencing, suggesting, in essence, that the court overlooked material facts in the probation report. "While he was incarcerated awaiting his case before the trial court," Phillips tells us, he "developed an infection, he was hospitalized, . . . his leg had to be amputated due to 'poor medical care,'" and on top of that, "he also has a heart condition and is partially blind." As challenging and unfortunate as all of that is for Phillips, it does not change our analysis. As the Attorney General points out, the absence of a requirement that the court state its reasons for denying a *Romero* motion "reflects the legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the three strikes law." (*Carmony*, *supra*, 33 Cal.4th at p. 376.)

To the extent the record is silent, the trial court is presumed to have considered all the relevant factors unless the record affirmatively reflects otherwise. (*People v. Myers*, *supra*, 69 Cal.App.4th at p. 310.) Nothing on the record here affirmatively suggests the court failed to consider some pertinent mitigating factor or denied Phillips's motion upon some mistaken view of the pertinent facts. Phillips's reliance on *People v. Avila* (2020) 57 Cal.App.5th

8

1134 is misplaced.  In that case, the Court of Appeal concluded the trial court abused its discretion by mistakenly believing that the defendant's young age at the time he committed his prior strikes could not be considered as a mitigating factor at sentencing.  (*Id*. at pp. 1141–1142.)  Here, the record establishes that the trial court understood that it could consider Phillips's age as a mitigating factor.  The court was aware of Phillips's age when he committed his prior strike but declined to give it mitigating significance after weighing all of the *Williams* factors in total.  (*People v. Williams, supra,* 17 Cal.4th at p. 161.)  Insofar as Phillips's various ailments and disabilities may be considered mitigating in addition to age, the court is presumed to have considered those factors as well, and to have deemed them insufficient to warrant granting his motion.  We decline to second-guess its exercise of discretion in denying him relief.

## III. DISPOSITION

The trial court's denial of Phillips's *Romero* motion is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

9